325 F.2d 1011
 117 U.S.App.D.C. 84
 TEAMSTERS, CHAUFFEURS AND HELPERS LOCAL UNION NO. 79,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Redwing
Carriers, Inc., andRockana Carriers, Inc., Intervenors.
 No. 16415.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 12, 1963.
Decided Dec. 5, 1963.
 
 Mr. L.N.D. Wells, Jr., Dallas Tex., with whom Mr. David Previant, Milwaukee, Wis., was on the brief, for petitioner. Mr. Hugh Hafer, Seattle, Wash., also entered an appearance for petitioner.
 Mr. Melvin Pollack, Atty., N.L.R.B., with whom Messrs. Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., were on the brief, for respondent.
 Mr. Alexander E. Wilson, Jr., Atlanta, Ga., with whom Mr. Robert T. Thompson, Atlanta, Ga., was on the brief, for intervenors.
 Before DANAHER, BASTIAN and MCGOWAN, Circuit Judges.
 BASTIAN, Circuit Judge.
 On June 10, 1961, The Teamsters, Chauffeurs & Helpers Local Union No. 79, petitioners, filed in this court a petition to review and set aside a decision and order of the National Labor Relations Board finding that Redwing Carriers, Inc. and Rockana Carriers, Inc. (hereinafter referred to as 'the employers') had not engaged in unfair labor practices and dismissing the complaint in its entirety. After the filing of a brief by the union, the Board moved that the case be remanded to it for further consideration and, no objection having been filed, the case was so remanded.
 
 
 1
 In the original decision appealed from, the Board had found that certain employees of the employers had engaged in unprotected conduct when certain drivers refused to cross a picket line established by the Chemical Workers Union at the premises of Virginia-Carolina Chemical Corporation. These employees had been assigned to make deliveries to Virginia-Carolina but declined to cross the picket line, whereupon their services were terminated by the employers and new employees were hired. The Board held that the activity of the original employees was unprotected, and further found that the employers had not violated 8(a)(1) of the National Labor Relations Act by discharging those employees, and that 'abnormally dangerous conditions,' within the meaning of 502 of the Act,[1] did not prevail when the employees refused to perform their assigned work.
 
 
 2
 On remand the Board, by a three to two majority, found that the employees had in fact engaged in protected concerted activity when they refused to cross the picket line, but held:
 
 
 3
 'Although the Act accordingly prohibits any reprisal against the eight Redwing drivers for engaging in the protected activity of not crossing the V-C picket line, we also recognize that the Respondents had a corresponding right which must be balanced against the right of the employees. That is, Respondents had a right to attempt to run their business despite the sympathetic activities of the drivers here involved.'
 
 The Board further held:
 
 4
 'We have reexamined the record in this case, and find it clear that, insofar as Respondents may actually have 'discharged' the eight drivers, they did so entirely for the purpose of continuing their business operations.'
 
 The Board concluded:
 
 5
 'In view of * * * the absence of any evidence of union animus on the part of Respondents, we are convinced that Respondents terminated the services of the eight drivers not in reprisal for honoring the V-C picket line, but solely to continue their business dealings with V-C. Under these circumstances, and on these grounds alone, we reaffirm our original disposition of this case, and dismiss the complaint in its entirety.'
 
 
 6
 While the Board, in its original order, had found that no 'abnormally dangerous conditions' existed, it did not do so in haec verba in its supplemental order. It did, however, adhere to its original decision except insofar as the conduct of the discharged employees had been held to be unprotected. All members of the Board concurred in the result, although two members adhered to the position taken by them on the original order.
 
 
 7
 We think it clear that there is adequate support in the record, considered as a whole, to support the findings of the Board and it follows accordingly, that the petition to set aside the order and supplemental order of the Board must be denied. Cf. N.L.R.B. v. Rockaway News Supply Co., 197 F.2d 111 (2d Cir. 1952), aff'd on other grounds, 345 U.S. 71, 73 S.Ct. 519 (1953).
 
 
 8
 So ordered.
 
 
 
 [1]
 Labor Management Relations Act 502, 61 Stat. 162 (1947), 29 U.S.C. 143 (1958)