**TRUCK DRIVERS AND HELPERS LOCAL NO. 728, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

Overnite Transportation Company, Intervenor.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OVERNITE TRANSPORTATION COMPANY, Respondent.**

**Nos. 19703, 19720.**

United States Court of Appeals District of Columbia Circuit.

Argued March 16, 1966.

Decided June 28, 1966.

Mr. David R. Richards, Dallas, Tex., with whom Messrs. L. N. D. Wells, Jr., Dallas, Tex., and Herbert S. Thatcher, Washington, D. C., were on the brief, for petitioner in No. 19,703.

Mrs. Janet Kohn, Atty., N. L. R. B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Mrs. Nancy M. Sherman, Atty., N. L. R. B., were on the brief, for respondent in No. 19,703 and petitioner in · No. 19,720.

Mr. J. W. Alexander, Jr., Charlotte, N. C., with whom Mr. John L. Kilcullen, Washington, D. C., was on the brief, for intervenor in No. 19,703 and respondent in No. 19,720.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

---

1. The notice, in pertinent part, is as follows:

    "Since the Teamsters Union is putting on another campaign to get in here, a good many questions have arisen with regard to the following matters. We have decided to state the Company's position on these questions as clearly as we can for everybody alike:

    "(1) *This matter is, of course, one of concern to the Company. It is also, however, a matter of serious concern to you and our sincere belief is that if the Union were to get in here it would not work to your benefit but, in the long run would itself operate to your serious harm.*

## PER CURIAM:

These appeals arise out of charges of various unfair labor practices filed by the Union with the National Labor Relations Board. No. 19703 is a petition by the Union for a determination that the Board erred in not giving the full measure of relief requested, and No. 19720 is the Board's petition for enforcement of its order against the respondent employer.

The unfair labor practices relate to the Union's organizing efforts. The Board found that respondent coerced its employees in violation of Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by interrogating them about their union sympathies and by posting a notice declaring its views on the organizational campaign.[1] The Board also found that the discharge of one Styles, after he refused to carry out a job assignment because it entailed crossing a picket line at the premises of a customer of respondent, violated both Section 8(a) (1) and Section 8(a) (3).

The Board's determination that respondent's interrogation constituted unlawful coercion and interference with protected rights finds sufficient support in the record. Nor do we alter the Board's order with respect to Styles. Respondent contends that a refusal to cross a picket line at the premises of another employer is not protected by the Act and that our previous decisions do not foreclose this contention.[2] But the

"(2) *It is our intention to oppose the Union and by every proper means to prevent it from coming into this operation.*" (Emphasis in original.)

2. Teamsters, Chauffeurs & Helpers Local Union No. 79 v. NLRB, 117 U.S.App.D.C 84, 325 F.2d 1011 (1963), cert. denied, 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed.2d 176 (1964), affirming Redwing Carriers, Inc., 137 N.L.R.B. 1545 (1962); Truck Drivers Union Local No. 413 v. NLRB (Watson-Wilson Transp. Sys.), 118 U.S. App.D.C. 149, 334 F.2d 539, cert. denied, 379 U.S. 916, 85 S.Ct. 264, 13 L. Ed.2d 186 (1964).

Board, independent of its finding that Section 8(a) (1) was violated, thought the dismissal was discriminatorily motivated in violation of Section 8(a) (3). Since substantial evidence in the record supports this last mentioned ground, we need not consider whether Styles engaged in protected activity under Section 7. Styles honored a picket line deployed by the same union that was organizing respondent's plant. The Board thought it reasonable to conclude, in light of respondent's other anti-union actions and the frailty of the asserted business justification for the discharge, that this indication of sympathy for the Union colored the decision to discharge him. We cannot say this conclusion lacks the requisite record support; and we direct enforcement founded upon Section 8(a) (3).

■ But we cannot uphold the Board's ruling that the notice violates the Act. Another panel of this court has recently considered the innuendoes that could fairly be drawn from a nearly identical notice. Amalgamated Clothing Workers v. NLRB (Sagamore Shirt Co.), 124 U.S.App.D.C. ——, 365 F.2d 898, decided June 27, 1966.[3] It concluded that the language used "in and of itself cannot reasonably be construed as a 'threat of reprisal or force' as required by the Act." We agree. Although the context in which the notice is placed may doubtless bear upon its meaning, here as in Amalgamated Clothing Workers, the Board has not set forth particular findings which indicate the coercive aspects of the notice. The Act contemplates freedom of expression even in the robust atmosphere of an organizational campaign so long as that expression does not constitute a "threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c). Since, in our view, the Board's findings are inadequate in demonstrating that the notice conveyed this pro-hibited implication, we deny enforcement to that part of the order.

■ The Union, contrary to the conclusion of the Board, contends that respondent discriminatorily discharged one Ratledge who was active in the organizational effort. But the Board regarded Ratledge's assault upon a supervisor as prompting the discharge, and that conclusion is amply supported by the record.

The petition in No. 19703 is denied.

The petition for enforcement in No. 19720 is granted in part.

FAHY, Circuit Judge, concurs except that he would enforce also the order of the Board insofar as it rests upon the notice referred to in the opinion of the court. The decision of the Board states that the Board is in subtantial agreement with the Trial Examiner as to the notice "and particularly in the light of the other unfair labor practices found * * * including interrogations of employees and threats of economic reprisal * *."

---

**3.** See also Suprenant Mfg. Co. v. NLRB, 341 F.2d 756 (6th Cir. 1965); Wellington Mill Division, West Point Mfg. Co. v. NLRB, 330 F.2d 579 (4th Cir.), cert. denied, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964); NLRB v. Threads, Inc., 308 F.2d 1 (4th Cir. 1962).