429 F.2d 204
 TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN HELPERS AND FOOD PROCESSORS, LOCAL UNION 657, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Chemical Express, Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CHEMICAL EXPRESS, INC., Respondent.
 No. 23203.
 No. 23325.
 United States Court of Appeals, District of Columbia Circuit.
 Argued May 22, 1970.
 Decided June 10, 1970.
 
 Mr. L. N. D. Wells, Jr., Dallas, Tex., for petitioner in No. 23,203.
 Mr. Michael Rosenblum, Attorney, N.L.R.B., for petitioner in No. 23,325 and respondent in No. 23,203. Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and J. L. A. de Passalacqua and Mrs. Abigail Cooley Baskir, Attorneys, N.L.R.B., were on the brief for petitioner in No. 23,325 and respondent in No. 23,203.
 Mr. Allen P. Schoolfield, Jr., of the Bar of the Supreme Court of Texas, pro hac vice, by special leave of court, Dallas, Tex., with whom Mr. J. Parker Connor, Washington, D. C., was on the brief, for respondent in No. 23,325 and intervenor in No. 23,203.
 Before BAZELON, Chief Judge, WRIGHT, Circuit Judge, and DAVIES*, District Judge.
 PER CURIAM:
 
 
 1
 These cases are before the court to review an order of the National Labor Relations Board which requires Chemical Express, Inc. to reinstate three discharged employees to their former positions. The order also dismissed an unfair labor practice charge against Chemical Express for discharging a fourth employee. The union petitions for review of that portion of the Board order which upheld the discharge. The Board asks enforcement of its order in full, and Chemical Express challenges enforcement of the order as to the employees ordered reinstated, particularly as to the employee Wallace who was discharged for refusal to cross a picket line.
 
 
 2
 The trial examiner's findings and conclusions were adopted by the Board. These findings clearly show that substantial evidence supports the Board's order. Chemical Express, however, alleges that Wallace's refusal to cross a primary picket line at another employer's place of business was not a protected activity and, consequently, it was within its rights in discharging him. This court has held several times that the Act protects the right of employees to refuse to cross a primary picket line at another employer's place of business and that an employer may not discharge an employee for doing so unless the purpose of the discharge is in order to continue the company's business operations. Truck Drivers Union Local No. 413, etc. v. N.L.R.B., 118 U.S. App.D.C. 149, 334 F.2d 539, cert. denied, 379 U.S. 916, 85 S.Ct. 264, 13 L.Ed.2d 186 (1964); Teamsters, Chauffeurs & Helpers Local Union No. 79, etc. v. N.L. R.B., 117 U.S.App.D.C. 84, 325 F.2d 1011 (1963), cert. denied, 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed.2d 176 (1964). Substantial evidence supports the Board's conclusion that the company's purpose in discharging the employee was not to continue the efficient operation of its business, but to punish him for his union activities.
 
 
 3
 For the foregoing reasons, the petition for review will be denied and the Board's order enforced in full.
 
 
 4
 So ordered.
 
 
 
 Notes:
 
 
 *
 Sitting by designation pursuant to the provisions of 28 U.S.C. § 292(c) (1964)